[No. 14730. Department Two. July 3, 1918.]

ROBERT E. DONALDSON *et al.*, *Respondents*, v.
JAMES E. BREWSTER *et al.*, *Appellants.*[1]

CONTRACTS—BUILDING CONTRACTS—CONSTRUCTION—"ROUGHING-IN" PLUMBING—EXTRAS—PROOF OF CUSTOM. Where the contractor furnished a list of the materials required for "roughing-in" the plumbing "the same being represented to include all the material necessary to be used in the plumbing" in accordance with the plans and specifications, further guaranteeing that no extras will be required to complete the building, it was not competent for the contractor to show a custom in the plumbing trade to make contracts with reference to "roughing-in" and the supplying of fixtures, so as to leave a hiatus between the "roughing-in" process and the setting of the fixtures, and make the owner liable for extra material for "finishing"; no such custom having been brought to the notice of the owner.

SET-OFF AND COUNTERCLAIM—BUILDING CONTRACTS—PAYMENT FOR MATERIAL AGREED TO BE FURNISHED. Under a contract to do the plumbing and furnish all the materials required, at not to exceed a certain sum, an owner who paid for the materials which the contractor listed as necessary may counterclaim therefor against the balance due upon the contract.

Appeal from a judgment of the superior court for King county, Marion Edwards, judge *pro tempore,* entered October 19, 1917, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien. Modified.

[1]Reported in 173 Pac. 1018.

*Roberts, Wilson & Skeel,* for appellants.

*Vince H. Faben,* for respondents.

CHADWICK, J.—Plaintiff, R. E. Donaldson, entered into a contract on the 5th day of April, 1916, with appellant James E. Brewster for the plumbing of a certain apartment house which the appellants were then erecting in the city of Seattle. We shall refer to the parties as plaintiff and defendant.

The contract provided, among other things, that the plaintiff "would perform all work in a first-class, workmanlike manner, and in accordance with the plans and specifications and to the satisfaction of the superintendent of the building, for the sum of $1,060.

"That Donaldson was to push the same rapidly to completion and to use all due and reasonable diligence in the performance of said work, and to so carry on the work as not to interfere with others working upon the building, and complete said work within such time as is consistent with a good and workmanlike job, time being made of the essence.

"That the party of the second part has furnished to party of the first part a list of the materials which will be required for *roughing-in* the plumbing, the same being represented to include all the material necessary to be used in the plumbing of said apartment building, in accordance with the plans and specifications and requirements, and the party of the second part hereby agrees and guarantees that the list so furnished by him will in every way be sufficient to complete the building in accordance with the plans and specifications, and that no extra materials will be required, and does further guarantee and agree that if any extra material shall become or be found necessary during the progress of the work, that the cost of any such extra materials over and above the said list shall be deducted from the contract price.

"Also guaranteeing that the above mentioned list is a complete and sufficient list of all the material necessary to complete the plumbing in the building."

At the same time and as part of the contract, plaintiff entered into a bond in which it is recited:

"That said R. E. Donaldson has furnished to J. M. Brewster a certain list of material necessary to be used in installing said plumbing and guarantees said list to be a complete and sufficient list of material to be used in the building, and for the performance of the contract in other particulars."

At the time the contract was entered into, plaintiff furnished defendant with a list of materials and a list of the fixtures that were necessary to be installed to meet the plans and specifications. The materials were listed as of the value of $1,787.50.

Plaintiff filed a lien, asserting that he had done work and labor of the reasonable value of $1,159.84. He admitted that he had been paid $835, and asked judgment for $324.84 and for the foreclosure of his lien. Defendant answered, setting up the contract to do the work according to the plans and specifications at an agreed price of $1,060, that there had been an unreasonable delay in the performance of the work, to his damage in the sum of $800, and that the work done was defective, to his damage in the sum of $500. The court below held that plaintiff was entitled to no more than the amount of his contract; that is to say, $1,060, and denied a recovery for the difference between that sum and the sum of $1,159.84, which was claimed on *quantum meruit*. The court held, however, that, for the purposes of an appeal, if one were taken, the value of "roughing-in" material used by the plaintiff, over and above the list which had been furnished as a part of the contract, was $95, which is approximately the difference between the contract price and the amount claimed in the lien. Defendant paid to the plumbing supply house $235 for materials over and above material listed by the parties. A recovery was denied

defendant upon the theory that the contract of the parties did not cover anything more than what is called in the plumbing trade "roughing-in" of a job, and that between the "roughing-in" and the setting of the fixtures certain materials are required. These are referred to as "finish," and this item not being covered by the contract, defendant could have no recovery. This theory of the case is maintained by the plaintiff, and it is now asserted that the contract was for the "roughing-in" of the plumbing and the setting of the fixtures, and that certain materials were required that were not enumerated in the list of materials that was furnished at the time the contract was entered into. Plaintiff has undertaken to prove, and it may be granted, as the court found, that there is a custom among plumbers to make their contracts with reference to "roughing-in" and the supplying of fixtures, so as to leave a hiatus between the "roughing-in" process and the setting of the fixtures, which will give ground for a legitimate charge for extra material for "finishing." It was upon a finding of such a custom that the court based his judgment in this particular, but whatever the custom may be, the parties in this case are bound by their contract, and if the contract does not sustain the charge, respondent cannot recover.

It seems to us that the trial judge has isolated and given emphasis to the words "a list of the materials which will be required for 'roughing-in' the plumbing." If these words stood alone the judgment might be supported by proof of the custom and the trade meaning of the words "roughing-in," but the parties in their contract have given definition to the term—a definition that is not only clear but, whatever the custom among plumbers may be, seems entirely consistent with the conduct of a prudent man about to contract for the building of a house. The parties have

said "A list of materials . . . for 'roughing-in'."
They then define the meaning of the term, "the same
being represented to include all the material neces-
sary to be used in the plumbing of said apartment
building in accordance with the plans, specifications
and requirements." And further, that "the list so
furnished will be in every way sufficient to complete
the building and that no extra materials will be re-
quired."

It occurs to us that defendant undertook in every
way possible to protect himself from a liability for
extra materials. There is nothing in the contract that
would indicate that the contractor had in mind an in-
tention to rely upon a custom which at best does not
grow out of the natural course of business conduct or
public policy, but seems to be, if it exists at all, arbi-
trary and for the benefit of the contractor alone. To
the layman it would seem that a contract providing for
the supply of all material and all labor, and a stipu-
lation that the work should be completed according to
the plans and specifications, and that it was the inten-
tion of the parties that there should be no claims for
extras, would be enough to protect an owner from just
such a situation as has arisen in this case. Certainly
the owner would not be bound by a custom unless it
were clearly shown that he had contracted with refer-
ence to it, and, in the absence of such proof, a court
ought to take the contract as the parties have made it
and give it that construction which will protect the one
who has contracted in belief that, when a plumbing job
is "roughed-in," all there is to do is to set the fixtures
and that this will complete the work.

We have looked over the plumbing specifications and
we find nothing in them that would indicate to an
owner that "roughing-in" meant one thing and "set-
ting the fixtures" meant another thing, and that be-

tween the two there is room for extra work and extra material. On the contrary, the specifications seemed to indicate as clearly as language can express intention that the job was to be a finished job from beginning to the end.

Moreover, we think the trial judge misconceived the contract, in that he has in effect held that plaintiff was entitled to recover, and defendant was bound to pay, in any event, a sum equal to the contract price, whatever the amount of the material used might have been. We think the contract does not bind the defendant to pay the contract price, but rather, when the contract is considered in connection with the guarantee, it binds the plaintiff to do the work at a cost for material not exceeding the sum of $1,787.50, which was the total value of the materials listed at the time the contract was made, and which was represented to be all the material that was necessary and that no extra materials would be required. Therefore, when defendant paid for the materials which plaintiff says were necessary for the finish, he is entitled under the contract to counterclaim that sum against any balance due upon the contract price.

The court found that there had been no unreasonable delay in the performance of the work and denied the defendant a recovery on that account. He found, however, that the work was defective, and allowed a damage upon this item of $100. The allowance or disallowance of these items depend entirely upon the testimony, and while we are of the opinion that the court might have made a more liberal allowance for defective work and have made some allowance for delay, we are not prepared to say that his findings are not sustained by a preponderance of the evidence. Defendant also made claim of a credit of $25 which he says was paid to the brother of the defendant with his knowl-

edge and consent. The court found, and we believe his finding is sustained by the testimony, that the payment was not made on account of the contract, but was a personal transaction between the brother and defendant, and that no recovery can be had on that account.

Plaintiffs are entitled to recover the sum of $225, balance due upon their contract, and $50 attorney's fees for the foreclosure of their lien. Defendants are entitled to recover $235, the amount paid for extra materials, and the sum of $100 for defective work.

Judgment will be entered in favor of the defendant for the difference of $60. It is so ordered.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.